IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA DICKSON | ) | CASE NO. |
| 111 Parkwood Blvd. | ) | |
| Mansfield, Ohio 44906 | ) | HON. |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     Versus | ) | |
| | ) | |
| VISITING NURSE ASSOCIATION | ) | |
| OF OHIO | ) | **COMPLAINT** |
| 925 Keynote Circle, Suite 300 | ) | |
| Brooklyn Heights, Ohio 44131 | ) | **(VIOLATION OF FAIR** |
| | ) | **LABOR STANDARDS ACT)** |
| Also Serve Statutory Agent: | ) | |
| | ) | **Jury Demand Endorsed** |
| VISITING NURSE ASSOCIATION | ) | **Hereon** |
| HEALTHCARE PARTNERS OF | ) | |
| OHIO | ) | |
| 2500 East 22nd Street | ) | |
| Cleveland, Ohio 44115 | ) | |
| | ) | |
| GENE KARLEN | ) | |
| 23 Main Street, Suite D1 | ) | |
| Holmdel, NJ 07733 | ) | |
| | ) | |
| JOELLE BRAKE | ) | |
| 925 Keynote Circle, Suite 300 | ) | |
| Brooklyn Heights, Ohio 44131 | ) | |
| | ) | |
|     Defendants. | ) | |

## THE PARTIES

1.    Plaintiff, Sheila Dickson, is a citizen of the State of Ohio and resides in

Mansfield, Ohio in the County of Richland.

2.     Defendant Visiting Nurse Association of Ohio ("VNA") is a corporation with its principal place of business in New Jersey, but which has an office in Brooklyn Heights, Ohio in the County of Cuyahoga, and in this Judicial District.

3.     Defendant Gene Karlen ("Karlen") is the Vice President of Labor and an agent of VNA.  Karlen is a citizen of the State of New Jersey.

4.     Defendant Joelle Brake ("Brake") is the Director of Human Resources at VNA.  Brake is a citizen of the State of Ohio.

5.     Karlen had operational control of significant aspects of VNA's day to day functions and acted directly in the interest of VNA in relation to Dickson and, thus, is an employer pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 79.2, and is jointly and severally liable with VNA.

6.     Brake had operational control of significant aspects of VNA's day to day functions and acted directly in the interest of VNA in relation to Dickson and, thus, is an employer pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 79.2, and is jointly and severally liable with VNA.

7.     Plaintiff alleges that, pursuant to the FLSA, she is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages; and (3) attorney's fees and costs.

8.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337 and 1343.

9.     Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## FACTUAL BACKGROUND

10.     Plaintiff was an employee of VNA for several years, through October 27, 2020.

11.     Plaintiff was originally hired by VNA as a Human Resource Specialist ("HR Specialist"), and was compensated on an hourly basis.

12.     In December of 2018, Karlen informed Plaintiff that VNA was switching her employment status to exempt and changing her job title to Talent Acquisition Specialist/Employee Relations.  Plaintiff would be compensated on a salary basis instead of an hourly basis.

13.     Plaintiff's primary duties as a talent acquisition specialist included screening applicants to obtain data regarding minimum qualifications and fitness for employment.  Specifically, Plaintiff would review applications for minimum qualifications, then set up interviews with VNA's hiring managers.  Plaintiff did not conduct interviews or decide which employees to hire.

14.     Plaintiff used preset questions, which she was not involved in drafting, to screen job applicants.

15.     Plaintiff was not involved in formulating, interpreting or implementing any VNA employment policies.

16.    Plaintiff did not exercise direction or independent judgment in the performance of her duties as a talent acquisition specialist.

17.    Plaintiff's other duties in her Talent Acquisition Specialist/Employee Relations' position included manual work such as scanning, filing, running reports for nursing licenses, and filtering and referring employee complaints to the appropriate manager.  The Plaintiff did not negotiate any salaries or benefits, nor did she have the authority to hire or fire any employees.

18.    Brake was hired by VNA in March of 2020 and began supervising the Plaintiff at that time.  Brake's hiring by VNA coincided with a huge increase in work demands upon the Plaintiff, as Brake gave Plaintiff a huge amount of manual work.

19.    Between April and October of 2020, Plaintiff worked 448.9 hours of overtime, but was not paid any overtime.  Plaintiff's rate of overtime pay should have been $33.68.

20.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by VNA.

21.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime wages in direct contravention of the FLSA.

22.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA overtime rate (of time and one-half), in direct violation of the FLSA and the relevant federal regulations.

23.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for under the FLSA.

24.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) per work week, which violated and continues to violate the FLSA, 29 U.S.C. § 201, et seq.

25.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of 40 hours per week, when they knew or should have known such was due and that nonpayment of overtime pay would financially injure the Plaintiff.

26.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

27.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

28.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, and equal amount as liquidated damages, and prejudgment interest.

29.     Plaintiff is entitled to an award of her reasonable attorney's fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that this court grant the following relief:

A.     An award of unpaid overtime wages due under the FLSA;

B.     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to the FLSA;

C.      An award of costs and expenses associated with this action, together with reasonable attorney's and expert fees; and

D.     Such other and further relief as this court determines to be just and proper.

Respectfully submitted,

COHEN ROSENTHAL & KRAMER LLP

/s/ Ellen M. Kramer
Ellen M. Kramer #0055552
emk@crklaw.com
Jason R. Bristol #0072989
jbristol@crklaw.com
3208 Clinton Avenue
Cleveland, OH 44113
(216) 815-9500 [Phone and Fax]

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Sheila Dickson demands a trial by jury on all issues.


/s/ Ellen M. Kramer
Ellen M. Kramer
Attorney for Plaintiff